IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3026-FL

| | | |
|---|---|---|
| TERRY A. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on plaintiff's motions for appointment of counsel (DE # 17), for an extension of time to file a response to defendants' motion to dismiss (DE # 18), and for an order compelling defendants to respond to his discovery requests (DE # 18). Defendants have not responded to these motions, and the time within which to do so has passed. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

On March 5, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Plaintiff is an inmate at the Federal Medical Center in Butner, North Carolina ("FMC Butner"). He alleges that staff at FMC Buter failed to act after plaintiff informed them of threats made against him by another inmate. Plaintiff states that, as a result of their indifference and failure to take action, he was assaulted by the other inmate and suffered injuries.

On October 20, 2010, defendants moved to dismiss or, in the alternative, for summary judgment. On November 8, 2010, before the time within which to respond to defendants' motion had expired, plaintiff moved for appointment of counsel, an extension of time to respond to the motion to dismiss, and an order compelling discovery. Defendants did not respond.

## DISCUSSION

A.  Motion to Appoint Counsel

The court first consider's plaintiff's motion to appoint counsel. It is well-established that there is no constitutional right to counsel in civil cases, but that courts may be required to request counsel for *pro se civil* litigants in "exceptional circumstances." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 300 n.2 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Id. (citing Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)). Because this case is not complex, and where plaintiff has thus far adequately represented himself before this court, exceptional circumstances warranting appointment of counsel are not present. Thus, plaintiff's motion is DENIED.

B.  Motion for Extension of Time

The court next addresses plaintiff's motion for an extension of time. Plaintiff seeks an one hundred eighty (180) day extension of time to respond to defendants' motion to dismiss, or in the alternative, for summary judgment. The court finds good cause to allow plaintiff an extension of time. However, the court finds that plaintiff has not provided sufficient factual support for such a lengthy extension. Instead, the court allows plaintiff an additional sixty (60) days from date of entry of this order to respond to defendants' motion.

C.  Motion to Compel Discovery

Finally, the court turns its attention to plaintiff's motion to compel discovery. Defendants' motion to dismiss raises the defense of qualified immunity, which entitles them to reasonable protection from a plaintiff's discovery requests until after the court has addressed the immunity issues. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); see also Lescs v. Martinsburg Police Dep't, 138 F. App'x 562, 564 (4th Cir. 2005) (per curiam) (unpublished). Further, the court has reviewed the matter and finds an insufficient basis for compelling discovery at this time. For these reasons, the court DENIES plaintiff's motion to compel discovery.

## CONCLUSION

For the reasons set forth above, plaintiff's motion for appointment of counsel (DE # 17) and for an order compelling defendants to respond to his discovery requests (DE # 18) are DENIED. However, plaintiff's motion for extension of time (DE # 18) is GRANTED, and plaintiff is ALLOWED an additional sixty (60) days from the date of this order to respond to defendants' motion to dismiss, or in the alternative, for summary judgment.

SO ORDERED, this the 27 day of December, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge