IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3026-FL

| | |
|---|---|
| TERRY A. NORRIS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>TRACY JOHNS; UNIT MANAGER<br>SCARATINO; CASE MANAGER<br>BREWER; and UNIT COUNSELOR<br>GREEN,<br><br>    Defendants. | ORDER |

This matter comes before the court on the motion to dismiss, or in the alternative, for summary judgment (DE # 14) filed by defendants Tracy Johns ("Johns"), the United States of America ("United States"), unit manager Scaratino ("Scaratino"), case manger Brewer ("Brewer"), and unit counselor Green ("Green") (collectively "defendants"). In this posture, the matter is ripe for adjudication. For the foregoing reasons, the court denies defendants' motion for summary judgment without prejudice.

**STATEMENT OF THE CASE**

On March 10, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* Plaintiff alleges that defendants violated his rights under the Eighth Amendment to the United States Constitution when they failed to protect him from

violence from another inmate who was known to be a violent person with a history of assaults and commitments to mental health units. Plaintiff also alleges that defendants negligently failed to protect him from inmate on inmate violence. In particular, plaintiff alleges that defendants failed to respond when he notified them that he was in danger of being assaulted by another inmate. Plaintiff also alleges that prison staff stood by and watched him be assaulted by another inmate for ten (10) minutes before providing assistance.

On October 20, 2010, defendants filed a motion for summary judgment.[1] Defendants argue that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies for his Bivens action. Defendants also allege that his FTCA claim should be dismissed because he failed to state a claim upon which relief may be granted. Plaintiff filed a response.

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587

---

[1] Because the parties presented materials outside of the pleadings, the court construes defendants' motion as a motion for summary judgment pursuant to Rule 12(d).

2

(1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

1. Bivens Action

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. See Jones v. Bock, 549 U.S. 199, 216 (2007); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The Prisoner Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under § 1997e, exhaustion is mandatory. Woodford v. Ngo, 548 U.S. 81, 84 (2006); Porter v. Nussle, 534 U.S. 516, 524 (2002). A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001).

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution of the issue. See 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. An inmate may not raise an issue in a BP-10 or BP-11 appeal that was not raised in lower level administrative remedy filings. 28 C.F.R. § 542.15(b)(2). If an inmate's submission is rejected then the Administrative Remedy Coordinator shall provide written notice explaining the

reasons for rejection, and if the defect is correctable the notice shall provide a reasonable time extension for the inmate to correct the defect. See 28 C.F.R. § 542.17.

In this case, defendants assert that plaintiff has not exhausted his administrative remedies with regard to the issues in this action. (Lynnell Cox Aff. ¶ 6 and attach. 3.) However, plaintiff attaches documentation that his grievance regarding the instant action was rejected as untimely, and that he appealed such rejection. (Pl.'s Resp. Ex. 29.) Accordingly, there is a genuine issue of material fact with regard to whether plaintiff exhausted his administrative remedies prior to filing this action, and defendants' motion for summary judgment on this ground is DENIED without prejudice.

2. FTCA Action

The United States filed a motion to dismiss, or in the alternative, for summary judgment on plaintiff's FTCA claim, arguing that plaintiff failed to make a prima facie showing of negligence under North Carolina law. The United States asserts that plaintiff has not presented any evidence to support his allegation that he notified staff that he was in danger of being assaulted by another inmate, or that he requested to be moved due to his concern that he would be assaulted. In response, plaintiff claims that summary judgment is premature because he has not had the opportunity to engage in discovery to obtain the evidence to support his claim.

This action is in the early stage of litigation, and no case management order or discovery schedule has been set. Accordingly, the parties have not yet had the opportunity to engage in any discovery. Summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." E.I. Du Pont De Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011) (stating conversion of a motion to dismiss into a motion for summary judgment in

4

"not appropriate where parties have not had an opportunity for reasonable discovery.") Thus, the United States' motion for summary judgment is DENIED as untimely.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE # 14) is DENIED without prejudice. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 25 day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge