IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3026-FL

| | | |
|---|---|---|
| TERRY A. NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA; | ) | |
| TRACY JOHNS; UNIT MANAGER | ) | |
| SCARATINO; CASE MANAGER | ) | |
| BREWER; AND UNIT COUNSELOR | ) | |
| GREEN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the second motion to dismiss, or in the alternative, for summary judgment[1] and motion to stay discovery (DE # 27) filed by defendants Tracy Johns ("Johns"), the United States of America ("United States"), unit manager Scaratino ("Scaratino"), case manger Brewer ("Brewer"), and unit counselor Green ("Green") (collectively "defendants"). Plaintiff responded to defendants' motion. Also before the court are plaintiff's motion for a conference (DE # 31), motion to compel (DE # 32), and motion to amend (DE # 33). Defendants did not respond to plaintiff's motions. In this posture, these matters are ripe for adjudication. For the foregoing reasons, the court denies the United States of America's motion to dismiss, but grants the remaining defendants' motion for summary judgment. The court also grants plaintiff's motion

---

[1] Because defendants presented materials outside of the pleadings in support of their claim that plaintiff failed to exhaust his administrative remedies, the court construes their motion, as to that claim, as a motion for summary judgment. The remainder of defendants' motion remains a motion to dismiss.

to amend, but denies his motion for a conference and denies without prejudice his motion to compel. Finally, the court denies defendants' motion to stay discovery.

## STATEMENT OF THE CASE

On March 5, 2010, plaintiff filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2672, *et seq.* Plaintiff alleges that defendants violated his rights pursuant to the Eighth Amendment to the United States Constitution because they failed to protect him from an assault from a fellow inmate who was known to be violent. Plaintiff also alleges a negligence claim pursuant to the FTCA.

Defendants filed their first motion to dismiss, or in the alternative, for summary judgment[2] on October 20, 2010, arguing, inter alia, that plaintiff's action should be dismissed because he failed to exhaust his administrative remedies for his Bivens action. Defendants also argued that plaintiff's FTCA claim should be dismissed because he failed to state a claim upon which relief may be granted. On August 26, 2011, the court denied without prejudice defendants' motion as to plaintiff's Bivens claim, finding that there was a genuine issue of material fact with regard to whether plaintiff exhausted his administrative remedies prior to filing this action. The court also denied without prejudice defendants' motion with respect to plaintiff's FTCA claim on the grounds that defendants filed their motion before plaintiff had the opportunity to engage in any discovery. On September 2, 2011, the Clerk of Court issued an initial order in this action.[3]

---

[2] Because defendants attached materials that were outside of the pleadings, the court construed their motion as a motion for summary judgment.

[3] The court notes that a case management order was not entered.

On September 8, 2011, defendants filed their second motion to dismiss, or in the alterative, motion for summary judgment, arguing that plaintiff's FTCA claim is barred by the discretionary function exception. Defendants also, once again, argue that plaintiff's <u>Bivens</u> claim should be dismissed for failure to exhaust administrative remedies. As part of their motion, defendants request a stay of discovery until after the court rules upon their second motion to dismiss. The matter was fully briefed. Additionally, plaintiff filed a motion for a conference, a motion to compel, and a motion to amend his complaint. Defendants did not respond to plaintiff's motions.

**DISCUSSION**

A.  Motion to Amend

Plaintiff requires leave of court to amend his complaint. Fed.R.Civ.P. 15(a)(1). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be 'freely given.' " <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). For good cause shown, the court GRANTS plaintiff's motion to amend.

C.  Motion for Summary Judgment

   1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

3

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

2. Analysis

    a. Bivens Claim

Defendants assert plaintiff's Bivens claim should be dismissed because he failed to exhaust his administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The BOP provides a four-step administrative remedy procedure. The first step in the process requires an inmate to present his issue to staff in an attempt at informal resolution. See 28 C.F.R.

4

§ 542.13. If informal resolution is unsuccessful, an inmate may submit a formal written Administrative Remedy Request to the Warden using a BP-9 form. See 28 C.F.R. § 542.14. If an inmate is dissatisfied with the Warden's response, he then may appeal to the BOP's Regional Director, using a BP-10 form, and then to the BOP's General Counsel, using a BP-11 form. See 28 C.F.R. § 542.15. An inmate's administrative remedy request may be rejected at any level of the process if the request fails to meet any requirement set forth in 28 C.F.R. § 542.10, et seq. See 28 C.F.R. § 542.17(a). "When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection." 28 C.F.R. § 542.17(b). If the basis for the rejection is one that the inmate can correct, he is to be provided a reasonable time extension in which to correct the defect. Id. An inmate may appeal a rejection. Id.

The record reflects that plaintiff submitted his attempt at informal resolution of the claim raised in this action to institution staff on January 27, 2010, and submitted his administrative remedy request with the Warden on February 2, 2010.[4] See (DE # 22, pp. 30-32; Second Cox Decl. ¶ 6.) Plaintiff's administrative remedy request subsequently was rejected by the warden as untimely. Second Cox Decl. ¶ 6. Plaintiff then appealed the Warden's rejection of his grievance by filing an appeal with the BOP's Mid-Atlantic Regional Office on February 18, 2010. Id. ¶ 7. The regional level appeal was rejected on February 22, 2010, due to plaintiff's failure to provide a copy of the institution level administrative remedy request. Id. Plaintiff then resubmitted his regional level appeal on March 9, 2010. Id. ¶ 8. The resubmitted appeal was rejected on March 10, 2010, for the same reasons provided in the first regional level rejection notice. Id. Plaintiff did not appeal the regional level rejection notice to the BOP's Central Office or attempt to cure the defect at the

---

[4] Plaintiff dated his grievance January 27, 2010. See (DE # 22, pp. 30-31.)

5

regional level. Id. The United States Supreme Court has stated that the PLRA requires proper exhaustion. Woodford, 548 U.S. at 84. The Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90. "[A] prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." See Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) (citing Woodford, 548 U.S. at 95); Patterson v. Myers, No. 8:10-cv-2955-DCN-JDA, 2012 WL 768038, *7 (D.S.C. Feb. 17, 2012). In this case, plaintiff did not comply with the BOP's procedural rules which require an inmate to appeal a rejected grievance, and has not shown that he was prevented from doing so. See 28 C.F.R. § 542.17(c). Thus, plaintiff did not properly exhaust his administrative remedies for his claim before filing this action.

As a defense, plaintiff asserts in his amended complaint that he satisfied § 1997e(a)'s exhaustion requirement prior to bringing this action because he exhausted his remedies for his FTCA claim pursuant to 28 U.S.C. §§ 2401(b), 2675(a). However, "[e]xhaustion requirements concerning FTCA and Bivens actions differ." Johnson v. Lappin, No. 1:07-0944, 2011 WL 560459, at *13 n. 11 (S.D. W. Va. Jan. 6, 2011), report and recommendation adopted, 2011 WL 535924 (S.D.W. Va. Feb. 8, 2011). Moreover, the PLRA mandates proper exhaustion and exhaustion for the purposes of the FTCA does not comport with § 1997e(a). Thus, because plaintiff filed this action prior to completing the administrative remedy procedure pursuant to § 1997e(a), he has not properly exhausted this claim. Thus, plaintiff's Bivens claim against defendants is DISMISSED without prejudice.

b.  FTCA Claim

The United States asserts that plaintiff's FTCA claim should be dismissed because the court lacks subject matter jurisdiction. The court finds it appropriate to deny the United States' motion for two reasons. First, the court denies the motion in light of plaintiff's amended complaint, which was filed subsequent to defendants' motion to dismiss. Second, the court denies the motion because the parties have not yet had the opportunity to engage in discovery.[5] Additionally, because the court ruled upon defendants' second motion to dismiss, or in the alterative, for summary judgment, their motion to stay discovery pending the resolution of their pending dispositive motion is DENIED.

C.  Case Management Order

On September 2, 2011, the court entered an initial order regarding planning and scheduling. The court now finds it appropriate to enter a case management order with the following extended deadlines:

1. All discovery shall be commenced or served in time to be completed by September 17, 2012.
2. All motions shall be filed in compliance with Local Civil Rule 7.1.[6]
3. All motions, including dispositive ones, shall be filed by October 17, 2012.

---

[5] The court notes that it entered an initial order on September 2, 2011. Six days later, defendants filed their second motion to dismiss, or in the alternative, for summary judgment. Plaintiff subsequently filed a motion to compel discovery, to which defendants did not respond.

[6] Local Civil Rule 7.1, provides in pertinent part the following: (1) "[a]ll motions shall be concise and shall state precisely the relief requested"; (2) "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum"; (3) "[a]ny party may file a written response to any motion"; (4) for non-discovery motions, "[r]esponses and accompanying documents shall be filed within twenty-one (21) days after service of the motion in question" unless the court directs otherwise; (5) for discovery motions, "responses and accompanying documents relating to discovery motions shall be filed within fourteen (14) days after service of the motion in question unless otherwise ordered by the court"; and (6) "[r]eplies to responses are discouraged. However . . . a party desiring to reply to matters initially raised in a response . . . shall file the reply within fourteen (14) days after service of the response, unless otherwise ordered by the court."

7

Case 5:10-ct-03026-FL   Document 37   Filed 07/03/12   Page 7 of 9

This case management order shall not be modified except by leave of court upon a showing of good cause. Should the case remain pending after the conclusion of discovery and resolution of any dispositive motion(s), the court will then issue a separate order setting the trial date and any pre-trial procedures, or such other and further orders as the court deems appropriate.

Because the court issued a case management order governing discovery in this action, plaintiff's motion to compel is DENIED without prejudice. The court additionally DENIES plaintiff's motion requesting that the parties confer in accordance with Federal Rule of Civil Procedure 26(f) because this action is exempted from the Rule's requirement of a preliminary scheduling conference. Fed.R.Civ.P. 26(f)(1) (exempting those actions not required to provide certain initial disclosures pursuant to Rule 26(a)(1) from the requirement of conducting a preliminary scheduling conference); see Fed.R.Civ.P. 26(a)(1)(B)(iv) (exempting from initial disclosure requirements those actions "brought without an attorney by a person in the custody of the United States, a state, or a state subdivision.").

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend (DE # 33) is GRANTED, but his motion to compel (DE # 32) is DENIED without prejudice and motion for a conference (DE # 31) is DENIED. The United States' second motion to dismiss (DE # 27) is DENIED without prejudice as to plaintiff's FTCA claim. Defendants' motion to stay discovery (DE # 27) also is DENIED. Defendants' remaining motion for summary judgment is GRANTED, and plaintiff's Bivens action is dismissed without prejudice for failure to exhaust administrative remedies. Thus, Johns, Scaratino, Brewer, and Green no longer are parties to this action. See Iodice v. United States, 289

F.3d 270, 273 n.1 (4th Cir. 2002) (stating that the United States is the only proper party in an FTCA action).

SO ORDERED, this the 3rd day of July 2012.

LOUISE W. FLANAGAN
United States District Judge